UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CLASS ALLEGATIONS**

ROBERT TUCKER, and
APRIL TUCKER,

      Plaintiffs,                              CASE NO.:

EARM L.L.C.,  d/b/a/ EVERGLADES CAPITAL SOLUTIONS,

      Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiffs, ROBERT TUCKER, and APRIL TUCKER [hereinafter Plaintiff] by and through undersigned counsel, alleges that  Defendant, EARM L.L.C., d/b/a EVERGLADES CAPITAL SOLUTIONS , [hereinafter Defendant EARM violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Section 559.55 et seq. of the Florida Statutes ("FCCPA).

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court arises under 28 US.C. § 1331, 1337 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims. Venue in this District is proper because Plaintiffs resides here and Defendant placed telephone calls into this District.

2.      This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Section 559.55 et seq. of the Florida Statutes ("FCCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## PARTIES

3.        Plaintiffs resides in Clearwater, Pinellas County, Florida and are a "consumers" as that term is defined by 15 U.S.C. § 1692a(3) Sections 559.55(2) and 501.203(7), Fla. Stat.

4.        Defendant EARM  is a collection agency operating from an address of 1616-102 W. Cape Coral Parkway #171, Cape Coral FL 33914 and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and Section 559.55(6).

## FACTS COMMON TO ALL COUNTS

5.        Plaintiff incurred a debt for a payday loan for personal, family, or household services and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat.   At some time thereafter, the debt was transferred to Defendant for collection.

6.        On or about November 8, 2012, Defendant EARM sent a letter to Plaintiff notifying her that the claim had been transferred to the "Legal Department" and that the letter was a "*pre-filing notification from the Legal Department. If we are required to file a Complaint at Law against you, you will be responsible for filing an appearance and either retaining legal counsel to represent you, or representing yourself.  We shall also in all likelihood need to subpoena your employer and banking institution for information so that we can obtain a judgment against you.*"  (Exhibit A)

7.        This letter failed to contain the min Miranda warning regarding the collection of a debt.

8.        Defendant also made numerous telephone collection calls to both Robert Tucker and April Tucker and threatened imminent legal action.   Though the attached collection letter is

addressed to April Tucker, the Defendant also told Mr. Tucker that he was responsible for the debt as well.

9.      Defendant's letter would lead the "least sophisticated consumer" to believe that a lawsuit was imminent and that his employer would be contacted regarding the debt.

**10.**      Upon information and belief, Defendant is not a law firm and had no authority to threaten litigation.

11.      To date, no lawsuit has been filed against the Plaintiffs for this debt.

12.      Defendant's collection method were abusive in that it threatened to take action that it did not intend to nor could it legally take.

## COUNT ONE:  FLORIDA FAIR DEBT COLLECTION VIOLATION

13.      This is an action for damages for violation of the "Florida Consumer Collection Practices Act." (Fla. Stat. §§559.55 to 559.785).

14.      By threatening immediate legal action and the contact of the Plaintiffs' employer before a judgment, the Defendant is, were subject to, and have violated provisions of Fla. Stat. §559.72 by :

      a)  "Claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or <u>assert the existence of some other legal right when such person knows that the right does not exist.</u>   Fla. Stat. §559.72(9)."

      b)  "Communicate or threaten to communicate with a debtor's employer before obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection.

However, this does not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained." Fla. Stat. §559.72(4)."

15.     "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200-201 (Fla. 1976). The FCCPA is to be construed in a manner that is protective of the consumer. *See* Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the federal Fair Debt Collection Practices Act, the provision that is more protective of the debtor prevails).

16.     As a direct and proximate result of Defendants' actions, Plaintiffs have sustained damages as defined by Fla. Stat. §559.77 including, but not limited to, emotional distress and fear, embarrassment, damage to his reputation and credit worthiness, and other damages. These damages have been incurred and will continue to be incurred in the future.

17.     Plaintiffs have retained the undersigned attorney for the purpose of pursing this matter against Defendants and is obligated to pay said attorney a reasonable fee for his services. The Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2), provides for an award of attorney's fees should Plaintiff prevail in this matter.

WHEREFORE, Plaintiffs demand judgment against Defendant for damages, attorney's fees, costs, interest, and such other relief as this Court deems just and equitable.

## COUNT TWO
## CLASS ACTION ALLEGATIONS VIOLATIONS OF THE FLORIDA FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff realleges paragraphs three (3) through twelve (12) as if fully restated herein and further states as follows:

18.     This action is brought as a class action.

19. The FCCPA class is defined as (i) all Florida residents (ii) to whom Defendant sent a letter similar to Exhibit A (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) during the two year prior to the filing of the Complaint in this matter through the date of class certification.

20. Plaintiff alleges on information and belief based on Defendant's use of letters is so numerous that joinder of all members is impractical.

21. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.

The principal issues are:

    a.   Whether Defendant is a debt collector;

    b.   Whether Defendant's letters violate the FCCPA.

22.     The claims of the Plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

23.     The Plaintiffs will fairly and adequately protect the interests of the class. They have retained counsel experienced in handling actions involving unlawful practices under the FCCPA and class actions. Neither Plaintiffs nor their counsel has any interest which might cause them not to vigorously pursue this action.

24.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Procedure is appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

25.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

c.  The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

d.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26.  Plaintiff requests certification of a hybrid class action combining Rule 23(b)(2) for equitable relief with Rule 23(b)(3) for monetary damages.

## COUNT THREE: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiffs realleges paragraphs three (3) through twelve (12) as if fully restated herein and further states as follows:

27.  This is an action for damages for violation of the "Fair Debt Collection Practices Act." (15 U.S.C. §1692a(5).

28.  The Defendants are debt collectors as defined by the Fair Debt Collections Practices Act (FDCPA) §15 USC 1692 803(6). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

29.  For purposes of the claims brought in this action, the applicable standard under the FDCPA in the Eleventh Circuit is "the least sophisticated" consumer test. *See. Jeter v. Credit Bureau, Inc.*760 F.2d 1168 at1172-75(11th Cir. 1985) (adopting the test enunciated in *Exposition Press Inc. v. FTC,* 295 F.2d 869 (2d Cir. 1961)).

The principles underlying the FDCPA must be implemented for "the public-that vast multitude which includes the ignorant, the unthinking, and the credulous." Id. at 1172-73

(quoting in part *Fed. Trade Comm'n v. Standard Educ. Society*, 302 U.S. 112, 116, 58 S.Ct. 113 82 L.ed. 141 (1937).

30. The foregoing acts and omissions of Defendants and their agents by attempting to collect by threatening immediate legal action and the contact of the Plaintiffs' employer, constitute numerous and multiple violations of the FDCPA including:

   a) 15 U.S.C § 1692d, (Any conduct the natural consequence of which is to harass, oppress, or abuse any person). "1692d is explicitly not limited to the conduct proscribed by subsections (1)-(6)". In fact, the beginning language in this statute, in clear and plain English, states that "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Scalafani v. Receivables Performance Management, LLC. , No. 10-60742, 2011 U.S. Dist. LEXIS 155394, at *6 (S.D. Fla., May 31, 2011) *citing* Jeter v. Credit Bureau, Inc., 760 F.2d. 1168, 1178 (11th Cir. 1985).

   Defendant violated this section by specifically threatening to contact Plaintiffs' employer and file suit if they failed to pay the debt. The least sophisticated consumer would likely believe that a lawsuit was imminent and that the Plaintiff's employer was about to be contacted.

   b) 15 U.S.C § 1692e, (Any false, deceptive, or misleading representation or means in connection with the debt collection);

   c) 15 U.S.C § 1692e(2), (Any false or misleading representation as to the character, amount, or legal status of the alleged debt);

   d) 15 U.S.C § 1692e(4), (Nonpayment of any debt will result in the arrest or

imprisonment of any person or the seizure, garnishment, or attachment);

e) 15 U.S.C § 1692e(5), (Threaten to take any action that cannot legally be taken or that is not intended to be taken);

f) 15 U.S.C § 1692e(10), (Any false representation or deceptive means to collect a debt or obtain information about a consumer);

g) 15 U.S.C § 1692e(11), (Communication failed to contain the mini-Miranda warning); and

h) 15 U.S.C. §1692f, (Any unfair or unconscionable means to collect the alleged debt with respect to the Plaintiff.

31. As a result of Defendants' violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues so triable.

COLLINS & STORY, P.A.

MAX STORY, ESQ.
Florida Bar No. 527238
233 East Bay Street, Suite 920
Jacksonville, FL 32202
Telephone: (904) 355-0805
Facsimile: (904) 634-1507
max@collinsstorylaw.com
Attorneys for Plaintiffs

From: "Legal Dept" <legaldept@earmllc.com>
Date: Nov 8, 2012 12:13 PM
Subject: Everglades Capital Solutions vs. April Tucker, Case No. 110809
To: <tucker.mb@gmail.com>


                    Dear Ms. Tucker,


Please be advised that the above-entitled claim has now been transferred to the
Legal  Department.

It  is my understanding that you voluntarily
Entered into a binding, enforceable payment-plan  arrangement in
order to satisfy your outstanding financial obligation, but that you have now
reneged on the terms of that agreement. This is a pre-filing notification from the
Legal Department.  If we are required to file a Complaint at Law against you,
you will be responsible for filing an appearance and either retaining legal
counsel to represent you, or representing yourself.  We shall also in all likelihood
need to subpoena your employer and banking institution for information so that
we can obtain a judgment against you.   Should you wish to have the
aforementioned payment plan remain in effect, you would need to
contact a representative at (877) 401-1597 immediately.

 Please be sure to provide your case number. Thank you for your anticipated
cooperation.

                    The Legal Department


                    Everglades Capital Solutions